[Civ. No. 3668.   Fourth Dist.   June 18, 1948.]

WILLIAM J. COOPER et al., Plaintiffs and Respondents, v. SAN DIEGO ELECTRIC RAILWAY COMPANY (a Corporation) et al., Appellants; JOHN CHAPMAN et al., Cross-defendants and Respondents.

Huntington P. Bledsoe for Appellants.

S. G. North for Respondents.

BARNARD, P. J.—This is an action for damages arising from a collision between an automobile and a bus. The plaintiffs owned a house at the northeast corner of the intersection of Webster and Thirty-first Streets in San Diego. On the afternoon of June 15, 1945, an automobile driven by the defendant Chapman and a bus owned by the defendant corporation and driven by the defendant Tillery, collided in this intersection. The defendant Tillery was knocked to the floor of the bus, leaving it out of control, and the bus ran over the curb and through a wall of the plaintiffs' house before it came to a stop.

This action was brought against these three defendants, the complaint alleging concurrent negligence on the part of the drivers of the two vehicles. All defendants filed general denials and the railway company and Tillery also alleged that the accident was caused by the sole negligence of Chapman. The railway company also filed a cross-complaint seeking to recover from Chapman, and the owner of the car he was driving, for the damage caused to the bus. The cross-defendants filed a general denial to the cross-complaint.

The court, sitting without a jury, found in favor of the plaintiffs awarding them a judgment against the defendants in the sum of $1,210.45, and also found in favor of the cross-defendants awarding nothing to the railway company. The railway company and Tillery have appealed from the portion of the judgment which was in favor of the plaintiffs, and the railway company has appealed from the part which was adverse to it on its cross-complaint.

With respect to the judgment on the original action the appellants first contend that the evidence is insufficient to support the finding of negligence on the part of the operator of the bus. It is argued that the evidence shows that the collision was caused solely by the negligence of the driver of the automobile. His negligence clearly appears as he testified that he entered this intersection at a speed of about 20 miles an hour, that he looked neither to his right nor to his left, and

that he did not see this bus until it was within 3 feet of him. However, there is also evidence which, with the reasonable inferences therefrom, is sufficient to sustain the finding of negligence on the part of the operator of the bus. She testified that she first saw the automobile when the front end of her bus was 20 or 25 feet west of the intersection and when the automobile was from 100 to 125 feet south of the intersection; that she next saw the automobile when she was slightly more than half-way through the intersection, when she saw the automobile coming on into the intersection at a terrific speed; that when she saw it the second time the automobile was coming at 40 to 45 miles an hour; that when she saw it the first time "he wasn't going quite that fast"; and that "I had seen it coming on down but I didn't seem to realize that he was coming so fast until he got right—it seemed to me he picked up speed, when he got to the corner there. He never slowed up any at all."

This testimony supports the finding of negligence on the part of the bus driver and justifies the court's comment, in deciding the case, that according to the bus driver's own testimony she saw the automobile some 100 feet away from the intersection, and when the bus was some 20 or 25 feet therefrom; that the automobile was then going at a good rate of speed; that she proceeded into the intersection without again looking in that direction until she got so far that a collision was inevitable; and that "knowing that he is coming along at a good rate of speed, at least, she heedlessly proceeds right along without paying any more attention to him." There are also two pieces of evidence which would justify an inference that the automobile first entered the intersection, although the bus driver and another witness testified that the bus entered first. The most that can be said is that there is a conflict in the evidence and the usual rule applies.

It is further contended that the evidence is insufficient to support the findings as to the amount of the damage to the house. Argument in this connection is based upon the fact that the building permit taken out for repairs to the house was in the amount of $300, and upon confusing and conflicting testimony given by the plaintiffs and by the contractor who did some of the repair work, with respect to where, how and when the various payments to this contractor were made. The evidence is entirely sufficient, however, to show that $1,050 was paid to this contractor for making certain repairs made neces-

sary by this accident, and that these were reasonably worth that amount. The court also allowed $160.45 as the reasonable value of other necessary repairs which had not yet been made. This last item is not directly attacked in the briefs. No insufficiency in the evidence in this regard appears.

On the appeal from the adverse judgment on its cross-complaint the railway company contends that there is no evidence to show negligence on the part of its bus driver; that contributory negligence on its part was not made an issue under the cross-complaint and the answer thereto; and that the court erred in failing to make separate and distinct findings upon the issues raised by the cross-complaint and the answer thereto. The first of these points has heretofore been sufficiently covered. While contributory negligence on the part of the cross-complainant was not raised as an issue by the answer to the cross-complaint, negligence on its part appeared from the testimony of its own witness, the bus driver, who was its agent and employee. As a result, it failed to prove facts which would entitle it to recover. The court's finding, supported by the evidence, that the collision was caused by the concurrent negligence of all parties concerned sufficiently supports the judgment against the railway company with respect to the cross-complaint, and no separate or additional findings were necessary.

The judgment and both portions thereof are affirmed.

Griffin, J., and Mussell, J. pro tem., concurred.

A petition for a rehearing was denied July 13, 1948, and appellants' petition for a hearing by the Supreme Court was denied August 12, 1948.